[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case has come before the court on an application by the defendant to modify, correct or vacate an arbitration award. The arbitration at issue was voluntary, as the parties had entered into a partnership agreement which provided that disagreements between the partners as to partnership matters would be decided by arbitration by an arbitrator of the American Arbitration Association.
At oral agreement, counsel for both parties stipulated that the submission of the issues to the arbitrators was voluntary and that the submission was unrestricted. In essence, the parties submitted to the arbitrator the issue whether the respondent owed the claimant half the average cost of two appraisals of partnership property and whether there should be a deduction for other partnership debts and obligations claimed. In an award dated November 1, 1996, the arbitrator answered both questions.
The submission, which is set forth as an exhibit to the plaintiff's response to the application to modify, correct or vacate the award, contained no limitation on the power of the arbitrator to make factual and legal interpretations concerning the partnership agreement.
The defendant's application is based on an alleged failure of the arbitrator to interpret correctly the language of partnership agreement.
The standard of review that applies to consensual arbitration awards where the submission is unrestricted has been clearly established by the Connecticut Supreme Court: CT Page 3565
 When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of dispute resolution.
Saturn Construction Co. v. Premier Roofing Co., 238 Conn. 293,303-304 (1996); Garrity v. McCaskey, 223 Conn. 1, 4-5 (1992).
The standard set forth above was held in Saturn to apply where a party to an arbitration claimed that the award should be vacated pursuant to General Statutes § 52-418(a)(4) as being contrary to law. As the Supreme Court explained, such a limited scope of review is warranted because the parties voluntarily bargained for the decision or the arbitrator and "are presumed to have assumed the risks of and waived objections to that decision." Saturn Construction Co. v. Premier Roofing Co.,238 Conn. 304.
The Supreme Court has held that parties to a contractual arbitration "should be bound by a decision that they contracted and bargained for, even if it is regarded as unwise or wrong on the merits." Id., citing American Universal Insurance Co. v.Delgreco, 205 Conn. 178, 186-187 (1987).
While the Supreme Court has recognized that a party to a contractual arbitration may establish grounds to vacate the award pursuant to § 52-418 (a)(4) as to "an award that manifests an egregious or patently irrational application of law;" Garrityv. McCaskey, 223 Conn. 10-11; the Court emphasized that this ground is a narrow one and "should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles," rather than as a means of recognizing a different legally possible result. Saturn, 238 Conn. 304; CT Page 3566Garrity v. McCaskey, 223 Conn. n. 10-11.
The test for manifest disregard of the law includes three elements:
 (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator;
 (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and
 (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit and clearly applicable.
Saturn, 238 Conn. 305, citing Merrill Lynch, Pierce Fenner Smith, Inc. v. Bobker, 808 F.2d 930, 933-34 (2d Cir. 1986).
The grounds asserted in the application to vacate are that the arbitrator failed to construe the partnership agreement in accordance with usual principles of construction and thereby exceeded his powers.
This objection to the arbitrator's legal conclusions does not identify any "manifest disregard of the law" but only a disagreement as to the merit of his analysis. Since the award conforms to the submission, the application is denied.
Beverly J. Hodgson Judge of the Superior Court